**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-1078**

SANTOS THAPA-MAGAR,

                    Petitioner,

          v.

ERIC H. HOLDER, JR., Attorney General,

                    Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: September 4, 2009        Decided: October 7, 2009

Before KING and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Petition denied by unpublished per curiam opinion.

Visuvanathan Rudrakumaran, LAW OFFICE OF VISUVANATHAN RUDRAKUMARAN, New York, New York, for Petitioner. Tony West, Assistant Attorney General, Carol Federighi, Senior Litigation Counsel, Jem C. Sponzo, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Santos Thapa-Magar, a native and citizen of Nepal, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's order denying his applications for asylum, withholding of removal, and withholding under the Convention Against Torture ("CAT"). Thapa-Magar claims the Board and the immigration judge erred in finding that he failed to prove that he was persecuted or that he had a well-founded fear of persecution because of either the imputation of his family's political opinion to him or of his membership in his family, a particular social group. He further claims that he established entitlement to relief under the CAT. In addition, Thapa-Magar claims that the immigration judge denied him due process during the hearing before the immigration judge. We deny the petition for review.

The Immigration and Nationality Act ("INA") authorizes the Attorney General to confer asylum on any refugee. 8 U.S.C. § 1158(b) (2006). It defines a refugee as a person unwilling or unable to return to his native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion[.]" 8 U.S.C. § 1101(a)(42)(A) (2006). "Persecution involves the infliction or threat of death, torture, or injury to one's person or freedom, on account of one

2

of the enumerated grounds . . . ." Li v. Gonzales, 405 F.3d 171, 177 (4th Cir. 2005) (quoting Kondakova v. Ashcroft, 383 F.3d 792, 797 (8th Cir. 2004), cert. denied, 543 U.S. 1053 (2005)).

An alien "bear[s] the burden of proving eligibility for asylum," Naizgi v. Gonzales, 455 F.3d 484, 486 (4th Cir. 2006); see 8 C.F.R. § 1208.13(a) (2009), and can establish refugee status based on past persecution in his native country on account of a protected ground, 8 C.F.R. § 1208.13(b)(1) (2009). Regardless of past persecution, an alien can establish a well-founded fear of future persecution on a protected ground. Ngarurih v. Ashcroft, 371 F.3d 182, 187 (4th Cir. 2004). The well-founded fear standard contains both a subjective and an objective component. "The objective element requires a showing of specific, concrete facts that would lead a reasonable person in like circumstances to fear persecution." Id. at 187-88. "The subjective component can be met through the presentation of candid, credible, and sincere testimony demonstrating a genuine fear of persecution. . . . [It] [must have] some basis in the reality of the circumstances and [be] validated with specific, concrete facts . . . and it cannot be mere irrational apprehension[.]" Li, 405 F.3d at 176 (internal quotation marks and citations omitted; second and third alteration in original).

A determination regarding eligibility for asylum or withholding of removal is affirmed if supported by substantial evidence on the record considered as a whole. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). Administrative findings of fact, including findings on credibility, are conclusive unless any reasonable adjudicator would be compelled to decide to the contrary. 8 U.S.C. § 1252(b)(4)(B) (2006). Legal issues are reviewed de novo, "affording appropriate deference to the BIA's interpretation of the INA and any attendant regulations[.]" Lin v. Mukasey, 517 F.3d 685, 691-92 (4th Cir. 2008). This court will reverse the Board only if "the evidence . . . presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Elias-Zacarias, 502 U.S. at 483-84; see Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002).

On this record, the evidence was not so compelling that no reasonable factfinder would fail to find the requisite fear of persecution. Moreover, Thapa-Magar has not shown that it is more likely than not that he will be tortured when he returns to Nepal. See 8 C.F.R. § 1208.16(c)(2) (2009). Finally, Thapa-Magar was not denied due process when the immigration judge sustained an objection to a question on the ground that it was asked and answered.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED